CENTRAL EUREKA, INC., Plaintiff and Appellant, v. JUAN G. GALLARDO, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 4900. Argued February 20, 1931.—Decided July 13, 1931.

J. H. Brown, C. Ruiz Nazario, and G. E. González for appellant.

James R. Beverley, Attorney General, and M. Rodríguez Serra, Second Assistant Attorney General, for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an appeal taken by Central Eureka, Inc., a domestic corporation, from a judgment dismissing its complaint in an action to recover from the Treasurer of Puerto Rico a certain sum of money paid under protest as taxes for the years 1922 and 1923, levied upon the interest paid by plaintiff to the Irving National Bank, of the State and City of New York, on a loan made to plaintiff by said bank.

The sole question at issue between the parties is as to whether the said bank had in this Island on the above dates a place of business, office, or authorized agent, for if it had not, then Central Eureka, Inc., would be bound under the law to withhold and pay to the Treasurer of Puerto Rico the taxes levied on the amounts paid by it as interest.

The sections of Act No. 43 of July, 1921, which are now pertinent read as follows:

"Sec. 49. The tax levied hereunder shall be withheld by every individual, corporation, association or partnership in whatever capacity acting, including all officers and employees of The People of Porto Rico, who pay interest, rents, salaries, annuities, compensation or any other income subject to taxation, except dividends and partnership profit of any citizen of the United States non-resident of Porto Rico, or of any alien non-resident of Porto Rico, or of any foreign corporation, association or partnership not engaged in business in Porto Rico and which has no place of business, office or agent in Porto Rico.

"Amounts so withheld shall be paid to the Treasurer of Porto Rico on such dates as he may designate in the regulations for the application of this Act."

" .        .       .      .      .    .     . .     .      .     .

"Section 52.—In no case shall the tax be withheld when the income of an alien non-resident of Porto Rico is paid to his representative in Porto Rico, who shall himself make return of such income and withhold and pay the tax hereby levied."

It appears from the evidence that during the years 1922 and 1923 the Irving National Bank had offices in San Juan, on the upper floor of the Banco Comercial Building, with

Mr. Charles W. Fowler as manager whose office stationery showed the following letterhead: "Charles W. Fowler, Agent in Puerto Rico, Irving National Bank, New York, Tel. 930, P. O. Box 1416, 3 Tetuán St., San Juan, P. R."; that in the telephone directory for those years the following appeared: "Irving National Bank, Banco Comercial Bldg., 3 Tetuán St., Charles W. Fowler, Agent, 930"; that Charles W. Fowler customarily made loans for agricultural purposes and fixed the terms thereof on behalf of the Irving National Bank; that he used to affix his signature to contracts and instruments as the agent or representative of the Irving National Bank; that Fowler negotiated with the representatives of the plaintiff in regard to the granting of the loan, the interest on which has given rise to the present action; that the application for the loan granted by the Irving National Bank to Central Eureka was submitted to Mr. Fowler, with whom the terms thereof were discussed in San Juan; that the promissory notes signed by the Central were delivered to Mr. Fowler; that the cash proceeds of the loan from the Irving National Bank were delivered upon the order of Mr. Fowler, who received and kept the collateral securities furnished by Central Eureka; that Fowler used to solicit business for said bank; that Eugenio D. Delgado also acted as an agent of that bank in this Island; that the Irving National Bank ratified the action of Fowler and Delgado in importing cash into Puerto Rico for the loans granted by them, and accepted and complied with the terms proposed by them; that Fowler used to receive the cash payments on behalf of said bank, to which he would remit; and that the business done here by the Irving National Bank amounted to several million dollars.

No evidence was introduced to show that the Irving National Bank had filed its articles of incorporation in the office of the Executive Secretary of this Island or had stated the location of its place of business, as required by section 37 of the Law of Private Corporations regulating the activ-

ities of foreign corporations doing business here. Based thereon the lower court held that Mr. Fowler was not a resident agent of the Irving National Bank but a mere intermediary agent, and dismissed the complaint.

It is true that it does not appear from the evidence that the Irving National Bank had complied with the statutory requirements regarding foreign corporation desiring to do business in Puerto Rico; but if in fact, although not in law, it had in this Island a place of business, office, or agent to whom there was paid the taxable interest involved in this suit, this would not have prevented the vanishing of the obligation on the part of Central Eureka, Inc., who made the payment, to withhold and pay such tax.

The facts in the instant case show that the acts of Mr. Charles W. Fowler were those of an agent in Puerto Rico of the Irving National Bank with an office and place of business in the city of San Juan. Cases similar to the present one have been decided in the sense of the existence of the agency in one State of corporations from another State. *Chattanooga National Bldg. & Loan Association* v. *Denson*, 189 U. S. 408; *International Textbook Co.* v. *Bigg,* 217 U. S. 91.

The judgment appealed from must be reversed and another rendered instead in favor of the plaintiff.